RUBENOFF v. DAVIS et al. (Supreme Court, Appellate Division, Second Department. December 30, 1910.) Appeal from Special Term, Kings County. Action by Robert Rubenoff against David Davis and others. From a judgment for defendants, plaintiff appeals. Affirmed. Louis Kunen, for appellant. Julius G. Kremer, for respondents.

PER CURIAM. Judgment affirmed, with costs.

BURR, J. I dissent from the decision about to be made. This action is brought to set aside transfers of property as made in fraud of creditors. Davis and Marcus, judgment debtors of the plaintiff, by a bill of sale made September 24, 1907, attempted to transfer to Harris Handman, a brother-in-law of Marcus, all of the stock in trade and assets of every description which belonged to the said firm. No consideration was paid for such transfer, which was in bulk. At the same time a paper was executed, signed by Davis, Marcus, and Handman, to the effect that, "if a compromise agreement entered into between the creditors of said Davis and Marcus this day at the rate of 25 per cent. settlement" is signed by all of said creditors of Davis and Marcus, Handman would pay to said creditors 25 cents on the dollar, together with the sums set forth in the schedule thereto annexed and made a part of said paper. No schedule was annexed to said instrument. It appears from the testimony, however, that some of the claims against Davis and Marcus were in favor of workmen, who had a lien upon the costs constituting part of the firm's stock in trade, and these claims were paid in full in order to release the lien. Certain other creditors who had loaned money to the said firm, it was agreed, should likewise be paid in full. It was further provided that Handman should carry on the business formerly conducted by the firm for a period of 30 days, and after reimbursing himself for all moneys paid and expended, and the reasonable expenses attendant upon the continuance of said business, turn over

the balance, if any, to the said Davis and Marcus. If this under any circumstances was an enforceable agreement, it was only on condition that the composition agreement was signed by all the firm's creditors. It was not signed by all of them. It seems to me, therefore, that the agreement was an unenforceable one, and if Handman's promise to pay 25 cents on the dollar to the firm's creditors could not be enforced there was no consideration for the bill of sale. Beyond that, as it seems to me, the clear purpose and intent of the arrangement between the judgment debtors and Handman was, if possible, to compel the creditors of the former to compromise their claims upon that basis, and save something out of the assets for the use and benefit of the former. There is a good deal of conflict in the testimony as to the value of the assets turned over to Handman, and the court has made no express finding upon that point. Just what Handman realized from the assets, and what amount of money he actually paid out to the creditors, does not appear. It is true that this is due in part to an objection on the part of plaintiff to inquiries tending to show this, and therefore this should not be urged against the judgment. But upon the whole case it seems to me clear that the purpose and object of the transfer was to put the firm assets into Handman's hands, and prevent any judgment creditor from reaching them, in order that he might speculate with these assets, and, if possible, make some money thereby which would enable him to make a composition with the greater portion of the firm's creditors and save something for the members thereof. If that is so, it is clear that it was a scheme to hinder and delay creditors, and as plaintiff has put his claim in judgment and exhausted his legal remedy he was entitled to attack the transfer. I think that the judgment should be reversed, and a new trial granted; costs to abide the final award of costs.